[Sac. No. 828.   Department Two.—September 4, 1900.]

SAMUEL EDMONDS, Respondent, v. C. C. WEBB, Appellant.

LANDLORD AND TENANT — ACTION BY LESSEE — WRONGFUL ENTRY OF LESSOR—TERMS OF VERBAL LEASE—SUPPORT OF FINDING.—In an action by a lessee to recover damages for a wrongful entry by the lessor, where it was not disputed that the parties agreed to a verbal lease for one year after the expiration of a written lease, and the defendant testified that the terms of the verbal lease were in accordance with the terms of the written lease in evidence, a finding in accordance with the testimony of the plaintiff, and with the terms of the verbal lease set forth in the complaint and not denied in the answer, showing a substantial accordance with the terms of the written lease, with a variation not material to the controversy, is sufficiently supported.

ID.—SUFFICIENCY OF EVIDENCE—SUPPORT OF ORDER DENYING NEW TRIAL.—Where the plaintiff recovered judgment for damages, and all the challenged findings are sufficiently supported by the testimony for the plaintiff, and findings as to the entry of the defendant and his ouster of plaintiff before the expiration of the undisputed verbal lease and as to the amount of the damages are not challenged, an order denying a new trial to the defendant, moved for on the ground of the insufficiency of the evidence, is properly supported, and must be affirmed upon appeal.

APPEAL from an order of the Superior Court of Siskiyou County denying a new trial.   J. S. Beard, Judge.

The facts are stated in the opinion.

Warren & Taylor, for Appellant.

L. F. Coburn, James F. Lodge, and O'Neill & Butler, for Respondent.

COOPER, C.—This action was brought by plaintiff for the purpose of recovering two thousand four hundred dollars damages, alleged to have been caused by the defendant's wrongful entry upon the premises described in the complaint and converting the crops thereon to his own use. The premises had been leased by defendant to plaintiff, and the entry complained of was during the continuance of the lease. The case was tried before the court without a jury, findings filed, and judgment

ordered for plaintiff for the sum of nine hundred and seventy-three dollars and fifty-two cents. There is no appeal from the judgment. The defendant made a motion for a new trial, which was denied, and this appeal is from the order denying defendant's said motion.

The only contention of defendant's counsel is the insufficiency of the evidence to sustain certain of the findings. It is contended with much apparent earnestness that finding No. 4 is not sustained by the evidence. The finding is as to some of the covenants of a verbal lease entered into between plaintiff and defendant, and, among other matters, it is found: "That plaintiff agreed to plough, harrow, and otherwise prepare said land for crops aforesaid; . . . . to cultivate the same in a husbandlike manner, according to the usual course of husbandry practiced in the neighborhood; to care for and protect said crop until maturity; . . . . to deliver to defendant one-fourth of the crops produced on said land; . . . . also one-fourth of the straw and stubble; . ₄ . . to all of which defendant also agreed."

The court in findings 1, 2, and 3, which are not challenged, found that plaintiff and defendant entered into a written lease in June, 1894, for one year. That the said written lease contained a covenant that it might be extended at its expiration for two years longer, that after its expiration the plaintiff continued to occupy the premises subject to its terms until about the first day of March, 1897, when the plaintiff and defendant entered into a verbal lease for the period of one year from the first day of September, 1897, and then in finding 4 the court found the terms of the lease. The written lease was introduced in evidence, and it contains substantially the covenants found by the court in finding 4. The plaintiff in his testimony, in speaking of the verbal lease, said: "The terms of the verbal agreement was the same as the lease. No change only in the division of the pasture." The defendant testified: "At the expiration of that lease [speaking of the written lease] he wanted to continue it for two years, and it was agreed that he should under the same terms and conditions of the lease. After that two years expired he wanted to continue for another year, and I continued it for another year under the same terms and conditions."

The above testimony supports the finding. Not only does the testimony support the finding, but the complaint, which was verified, sets forth the terms of the verbal lease in substance as found by the court, and the terms as alleged are not denied in the answer. Again, as we view the case, the challenged finding is not material. It only details some of the covenants of the verbal lease, none of which are material here. That there was a verbal lease for one year is not disputed. That the defendant entered and ousted the plaintiff before the expiration thereof is not controverted. The material question, then, was as to the amount of damages sustained by the plaintiff. The court found as to the amount of damages, and the finding is not challenged. It is further contended that the following portion of finding numbered 5 is not sustained by the evidence: "And that plaintiff cared for and protected the same except when prevented by the acts of defendant." The portion of the finding challenged has reference to the care of the crops by plaintiff. The finding is supported by plaintiff's testimony. He says, in speaking of the crop: "I cared for it until it was harvested," and after stating that he was prepared to harvest the crop plaintiff further says: "Webb stopped me from harvesting it; sent a constable out from Montague to stop me. Webb went to the field first to harvest it. He was in there four days before I knew it; . . . . he stopped me by warrant of arrest, and he went on and harvested the crop."

Finding numbered 8 is sustained by the evidence. This disposes of all the challenged findings, and no other matters are discussed.

The order should be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.        McFarland, J., Temple, J., Henshaw, J.